Mario Pittoni, J.
Motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (subd. [a], par. 7) and for summary judgment pursuant to CPLR 3211 (subd. [c]) is granted.
The complaint prays for judgment: 1) declaring the defendant exceeded its authority in refusing to issue a liquor license to Lawson Pub Corp.; 2) restraining defendant from disapproving any future alcoholic beverage license applications “ where the applicants have entered into contracts with the plaintiffs containing terms and conditions similar to those in the instant case ”; 3) “ for damages against the defendant in the sum of $25,000.”
As to the declaratory judgment requested, plaintiffs were not aggrieved parties by the refusal of the defendant to approve a license for Lawson Pub Corp. on February 2,1968. The applicant, Lawson Pub Corp., was the party aggrieved and it chose not to commence an article 78 proceeding available to it under subdivision 1 of section 121 of the Alcoholic Beverage Control Law. Had the applicant instituted an article 78 proceeding, it would have been required to commence the proceeding within four months after the determination, or by June 2,1968 (CPLR 217).
*414 According to section 2 of the Alcoholic Beverage Control Law, the Legislature empowered defendant “ to determine whether public convenience and advantage will be promoted by the issuance of licenses * * * the increase or decrease in the number thereof * * * subject only to the right of judicial review hereinafter provided for.” (Emphasis supplied.) As the applicant Lawson Pub Corp. chose not to review the refusal of a license, plaintiffs (who had a contractual relationship with the applicant and whose interest in the venture was subordinate to that of the applicant) will not be permitted to do indirectly what it could not do directly. Moreover, the individual plaintiff, as a licensee of premises at Larchmont, New York, did not exercise but had the right to review the cancellation (Dec. 27, 1966) of that license and to question the propriety of the defendant’s consideration of his conduct at another establishment in 1963 as a ground for cancellation of the Larchmont license.
With respect to injunctive relief pertaining to future acts of defendant, such relief or an advisory opinion concerning future applications will not be granted. The applicant who is refused a license in the future, if under any contractual relationship with plaintiffs, may review the propriety of a refusal of a license on all of the findings of defendant.
As to the damages sought for the wrongful interference by defendant with the contract between plaintiffs and Lawson Pub Corp., plaintiffs have no authority' to support an action in the Supreme Court for such relief (Psaty v. Duryea, 306 N. Y. 413). Had the members of the Authority been sued individually, the action would also be dismissed because public officers in performing their duties of a discretionary nature are “ immune from liability even if the act is wrongful ” (Rottkamp v. Young, 21 A D 2d 373, 375, affd 15 N Y 2d 831).